PD-1396-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/1/2015 9:07:02 AM
Accepted 9/1/2015 9:35:05 AM
ABEL ACOSTA
CLERK



# NICHOLAS "NICO" LaHOOD

### Criminal District Attorney

Bexar County, Texas

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

September 1, 2015

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin TX 78711

      Re:    Ford v. State, No. PD-1396-14; additional authority

Dear Mr. Acosta:

      Yesterday I became aware through the Court's website that opposing counsel Cynthia Orr filed a letter with this Court suggesting additional authorities on August 11th. I was not previously aware of this letter because Ms. Orr did not provide me with a copy of it or with notice she had filed it.

      In brief response, neither case cited by Appellant is binding on this Court or even persuasive. In *United States v. Graham*, 2015 U.S. App. LEXIS 13653 (4th Cir. delivered August 5, 2015), the Fourth Circuit held that the government's acquisition of 221 days' of cell site location information from the defendant's service provider constituted a search. The Court emphasized that it was the lengthy duration of the information that rendered it a search that violated the defendant's privacy interests: "We hold that the government conducts a search under the Fourth Amendment when it obtains and inspects a cell phone user's historical CSLI for an extended period of time." *Graham* at 19. The court went on to hold that the search also intruded on the Defendant's privacy interests because it showed his movements within his own home.

      By contrast, in Ford's case the State only obtained records covering a few hours of the relevant time. It did not show Ford's movements within his home, it showed his movements on public streets at a time when he had falsely claimed to be in his home. Even the court in *Graham* held that a person's movements on public streets is not protected by the Fourth Amendment. *Id.* at 22, 28.

      Furthermore, the 4th Circuit held that even though the records were obtained from a third party provider, that provider's policy only informed consumers it would collect

the data, not that it would provide it to the government. There is no evidence in Ford's case of what Appellant's provider's policy showed. Since Appellant had the burden of proof at the hearing on his motion to suppress this data, he did not carry that burden by providing that information.

Finally, the court in *Graham* affirmed the conviction, holding that even though the records were improperly obtained without a search warrant, the government relied in good faith on court orders signed by a judge – just as in Ford's case. *Id.* at 67. Appellant's argument in the trial court relied entirely on the Fourth Amendment, as does the *Graham* opinion. So the same good faith exception would apply in Ford's case as in Graham's.

Please provide this information to the Court. Thank you for your help. If I need to provide any more information, please give me a call.

Very truly yours,

/s/ Jay Brandon

copy: Cynthia Orr, attorney for appellant